Shane P. Coleman
Brianne C. McClafferty
HOLLAND & HART LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: 406.252.2166
Facsimile: 406.252.1669
spcoleman@hollandhart.com
bcmcclafferty@hollandhart.com

ATTORNEYS FOR DEFENDANTS
MATT DUSEK AND RACHEL
DUSEK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| GLACIER BEAR RETREAT, LLC, GAIL L. GOODWIN and DARRYL C. SLATTENGREN,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MATT DUSEK and RACHEL DUSEK<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 9:22-cv-00019-DLC-KLD<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |

Following removal, Defendants/Counterclaimants Matt Dusek and Rachel Dusek ("Duseks"), by and through their undersigned counsel, Holland & Hart LLP, hereby respond to Plaintiffs' First Amended Complaint filed December 22, 2021.

## FIRST DEFENSE

Defendants Matt and Rachel Dusek deny each and every allegation except as expressly admitted herein.

## SECOND DEFENSE

Responding to the individually numbered paragraphs of the First Amended Complaint, Defendants Matt and Rachel Dusek answer as follows:

1. Defendants Matt and Rachel Dusek admit the allegations of paragraph 1 of the First Amended Complaint.

2. Defendants Matt and Rachel Dusek lack the information sufficient to admit or deny the allegations of paragraph 2 of the First Amended Complaint.

3. Defendants Matt and Rachel Dusek admit the allegations of paragraph 3 of the First Amended Complaint.

4. Defendants Matt and Rachel Dusek admit the allegations of paragraph 4 of the First Amended Complaint.

5. Defendants Matt and Rachel Dusek deny the allegations of paragraph 5 of the First Amended Complaint.

6. Responding to paragraph 6 of the First Amended Complaint, Defendants admit that the parties entered into a realtor form "Buy-Sell" Agreement, which speaks for itself. Defendants otherwise deny any remaining allegations of paragraph 6 of the First Amended Complaint.

7. Responding to paragraph 7 of the First Amended Complaint, Defendants admit that the parties entered into a "Buy-Sell" Agreement, which speaks for itself. Defendants otherwise deny any remaining allegations of paragraph 7 of the First Amended Complaint.

8. Responding to paragraph 8 of the First Amended Complaint, Defendants admit that the parties signed a realtor form document concerning certain deficiencies in the property, which speaks for itself. Defendants otherwise deny any remaining allegations of paragraph 8 of the First Amended Complaint.

9. Responding to paragraph 9 of the First Amended Complaint, Defendants admit that the documents signed by the parties speak for themselves. Defendants otherwise deny any remaining allegations of paragraph 9 of the First Amended Complaint.

10. Defendants Matt and Rachel Dusek deny the allegations of paragraph 10 of the First Amended Complaint.

11. Responding to paragraph 11 of the First Amended Complaint, Defendants admit that they sent certain notices on October 30, 2021, which speak

for themselves. Defendants otherwise deny any remaining allegations of paragraph 11 of the First Amended Complaint.

12. Responding to paragraph 12 of the First Amended Complaint, Defendants admit that the proposed purchase and sale transaction did not close because Plaintiffs failed or refused to remedy the problems with the property. Defendants otherwise deny any remaining allegations of paragraph 12 of the First Amended Complaint.

13. Defendants Matt and Rachel Dusek deny the allegations of paragraph 13 of the First Amended Complaint.

14. Defendants Matt and Rachel Dusek deny the allegations of paragraph 14 of the First Amended Complaint.

15. Responding to paragraph 15 of the First Amended Complaint, Defendants admit that the parties' "Buy-Sell" Agreement speaks for itself. Defendants otherwise deny any remaining allegations of paragraph 15 of the First Amended Complaint.

16. Defendants Matt and Rachel Dusek deny the allegations of paragraph 16 of the First Amended Complaint.

## THIRD DEFENSE

17. Plaintiffs have failed to mitigate their damages.

**FOURTH DEFENSE**

18. Plaintiffs are not entitled to specific performance under the facts alleged in this case.

**FIFTH DEFENSE**

19. An order requiring specific performance would not be just and reasonable as to the Defendants under the facts alleged in this case.

**SIXTH DEFENSE**

20. An order requiring specific performance would be improper because the Defendants' assent to the Buy-Sell Agreement, as amended, was obtained based on misrepresentations, concealment, circumvention, and/or other unfair practices concerning the satisfaction of the contingencies.

**SEVENTH DEFENSE**

21. An order requiring specific performance would be improper because the Defendants' assent to the Buy-Sell Agreement, as amended, was given under the influence of mistake, apprehension, and/or surprise as to matters concerning the satisfaction of contingencies.

**EIGHTH DEFENSE**

22. The Buy-Sell Agreement was terminated when the Defendants expressly rejected the sellers' purported efforts to remediate the subject property's deficiencies.

## JURY DEMAND

Counterclaim Plaintiffs Matt and Rachel Dusek demand a jury on all counts so triable.

## COUNTERCLAIM

1. Counterclaim Plaintiffs Matt and Rachel Dusek, by and through their counsel of record, file this Counterclaim against Counterclaim Defendants Glacier Bear Retreat, LLC, Gail L. Goodwin and Darryl C. Slattengren. Counterclaim Plaintiffs Matt and Rachel Dusek are citizens and residents of the State of California.

2. Counterclaim Defendants Gail L. Goodwin and Darryl C. Slattengren are citizens and residents of the State of Montana.

3. Counterclaim Defendant Glacier Bear Retreat, LLC is a limited liability company organized under the laws of the State of Montana, with principal place of business in Montana, and is a citizen and resident of the State of Montana.

4. Jurisdiction is proper under by 28 U.S.C. § 1446(b) because the parties are citizens and residents of different states, none of the Defendants/ Counterclaimants are citizens of the State of Montana, and the amount in controversy exceeds the jurisdictional limit of $75,000.

5. Venue is proper in the Montana District and in the Missoula Division, because the subject dispute concerns a contract for the purchase and sale of real property located in Flathead County, Montana.

## COUNT 1 – BREACH OF CONTRACT

6. Counterclaim Plaintiffs restate and reallege all the preceding paragraphs as though fully stated herein.

7. Counterclaim Plaintiffs and Counterclaim Defendants are parties to a form realtor "Buy-Sell" Agreement for the purchase and sale of real estate located in Flathead County, Montana, dated October 4, 2021.

8. The Agreement was amended by other written documents signed by the parties.

9. The sale was conditioned upon certain written contingencies.

10. As a result of Counterclaim Defendants' failure to satisfy the contingencies, the parties did not close the purchase and sale.

11. Counterclaim Defendants breached the Agreement, as amended, by failing to satisfy the contingencies.

12. In connection with the Agreement, Counterclaim Plaintiffs paid a substantial amount of earnest money into escrow.

13. Counterclaim Plaintiffs are entitled to the return of their earnest money under the Agreement, as amended.

14. Counterclaim Plaintiffs have demanded the return of the earnest money, but Counterclaim Defendants have refused to release it.

15. Counterclaim Plaintiffs are entitled to judgment against Counterclaim Defendants in the amount of the earnest money, plus costs and attorney fees.

## COUNT 2 – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

16. Counterclaim Plaintiffs restate and reallege all the preceding paragraphs as though fully stated herein.

17. A covenant of good faith and fair dealing is implicit to the real estate Buy-Sell Agreement, as amended.

18. Counterclaim Defendants breached the implied covenant by failing to satisfy the contingencies of the agreement and by failing to allow the return of the Counterclaim Plaintiffs' earnest money.

19. As a direct result of Counterclaim Defendants' breach, Counterclaim Plaintiffs incurred damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Counterclaim Plaintiffs pray that the Court enter judgement as follows:

1. For monetary judgement in an amount to be determined at trial.
2. For attorney fees and costs incurred in connection with this action.
3. For such other and further relief that the Court deems proper.

**JURY DEMAND**

Counterclaim Plaintiffs Matt and Rachel Dusek demand a jury on all counts so triable.

Dated this 26th day of January, 2022.

By: /s/ *Brianne C. McClafferty*
Brianne C. McClafferty
HOLLAND & HART LLP

ATTORNEYS FOR DEFENDANTS
MATT DUSEK AND RACHEL DUSEK

18094761_v2