Fred Simpson, Esq.
JENKS & SIMPSON, P.C.
1821 South Ave. W, Suite 204
Missoula, MT 59801
Telephone: (406) 549-2322
Facsimile: (406) 549-2707
Email: fsimpson@jenkssimpson.legal
*Attorneys for Plaintiffs and Counterclaim Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GLACIER BEAR RETREAT, LLC, GAIL L. GOODWIN and DARRYL C. SLATTENGREN,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>MATT DUSEK AND RACHEL DUSEK,<br><br>Defendants/Counterclaimants. | Cause No. CV 22-19-M-DLC-KLD<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT AND ANSWER TO FIRST AMENDED COUNTERCLAIM** |

For their Second Amended Complaint against Defendants, Plaintiffs allege as follows:

1. Plaintiff Glacier Bear Retreat, LLC ("GBR") is a limited liability company organized under the laws of Montana and registered to do business in Montana. Its principal place of business is in Flathead County, Montana.

2. Plaintiffs Gail L. Goodwin and Darryl C. Slattengren are individuals who own property in Flathead County, Montana, and are principals of GBR.

3. Matt Dusek and Rachel Dusek, husband and wife, reside in California.

4. Plaintiffs own 348 Grist Road, West Glacier, MT 59936, legally described as follows (the "Property"):

> Tract 1 of COS #19007 (situated, lying and being in Gov. Lot 2 of Section 14, Township 32N, Range 19W, P.M.M.) according to the map, plat or survey thereof on file and of record in the office of the Clerk and Recorder of Flathead County, Montana.

5. The Property is unique because it is one of the few privately-owned properties within Glacier National Park.

6. On or about October 5, 2021, Plaintiffs and Defendants entered into a Buy-Sell Agreement (the "Agreement") whereby Plaintiffs agreed to sell and Defendants agreed to purchase the Property.

7. Pursuant to the terms of the Agreement, Defendants had until October 26, 2021 at 5:00 pm to deliver written notice of their "disapproval" of the Property conditions. (Agreement, Lines 171-73) Defendants complied with this requirement by providing, on or about October 15th, a written Inspection Notice identifying nine conditions of which they disapproved and setting forth the proposed remedies that would be acceptable.

8. On October 17, 2021, the Plaintiffs agreed to complete the proposed remedies.

9. The parties' agreement constituted an amendment to the Agreement, the Property condition contingency was released, and the Defendants had no opportunity to withdraw their disapproval.

10. Plaintiffs completed the remedies.

11. On October 30, 2021, Defendants attempted to serve notice of their disapproval of the Property conditions and unilaterally terminate the Agreement.

12. Defendants failed to close on the purchase of the Property on the closing date of November 9, 2021.

13. Defendants breached the Agreement by failing to close.

## Count I
## Specific Performance

14. Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

15. Pursuant to the Agreement at Line 391, and Mont. Code Ann. § 27-1-411, Plaintiffs are entitled to an order granting specific performance of the Agreement compelling the Defendants to purchase the property.

16. The Agreement provided for attorney's fees to be awarded to the prevailing party in the event of a dispute.

17. Plaintiffs are entitled to an order awarding them their attorney fee's and costs.

Count II
Breach of Contract – Damages

In the alternative to Count I, Plaintiffs allege:

18. Plaintiffs re-allege paragraphs 1 through 13, above, as if fully set forth herein.

19. Defendants' breach of the Agreement has caused damages to Plaintiffs, including, but not necessarily limited to, the difference between the amount for which the Defendants agreed to purchase the Property, and the amount for which Plaintiffs are able to sell the property to a different purchaser, along with lost investment opportunities that they had to forego because Defendants failed to close on the transaction.

20. The Agreement provided for attorney's fees to be awarded to the prevailing party in the event of a dispute.

21. Plaintiffs are entitled to an order awarding them their attorney fee's and costs.

WHEREFORE, Plaintiffs pray for judgment: directing Defendants to specifically perform their obligations under the Agreement and purchase the Property from Plaintiffs in accordance with the terms of the Agreement; in the alternative, for damages caused by Defendants' breach of contract; and for attorney's fees and costs as allowed by Montana law, and for any other relief the Court deems just.

DATED this 28th day of February, 2022.

JENKS & SIMPSON, P.C.

By /s/Fred Simpson
Fred Simpson
*Attorneys for Plaintiffs and Counterclaim Defendants*

ANSWER TO FIRST AMENDED COUNTERCLAIM

Plaintiffs and Counterclaim Defendants Glacier Bear Retreat, LLC, Gail L. Goodwin and Darryl C. Slattengren (collectively, "Glacier Bear"), for their answer to Defendants' and Counterclaimants' Matt Dusek's and Rachel Dusek's First Amended Counterclaim allege as follows:

1. Answering paragraph 1, the first sentence contains no charging allegations to which any response is required. Upon information and belief, Glacier Bear admits the allegations of the second sentence.

2. Answering paragraph 2, Glacier Bear admits the allegations therein.

3. Answering paragraph 3, Glacier Bear admits the allegations therein.

4. Answering paragraph 4, Glacier Bear admits that jurisdiction is appropriate in this Court.

5. Answering paragraph 5, Glacier Bear admits that venue is appropriate in the Missoula Division of this Court.

6. Answering paragraph 6, Glacier Bear restates its allegations to each of the preceding paragraphs as if fully set forth herein.

7. Answering paragraph 7, Glacier Bear admits that Plaintiffs and Defendants are parties to a Buy-Sell Agreement with respect to the purchase and sale of real property located in Flathead County, Montana, dated October 4, 2021.

8. Answering paragraph 8, Glacier Bear admits that the parties amended the Buy-Sell Agreement by execution of a written agreement on or about October 17, 2021.

9. Answering paragraph 9, Glacier Bear admits that the Buy-Sell Agreement speaks for itself, and denies all remaining allegations therein.

10. Answering paragraph 10, Glacier Bear denies the allegations therein.

11. Answering paragraph 11, Glacier Bear denies the allegations therein.

12. Answering paragraph 12, Glacier Bear admits that Counterclaim Plaintiffs paid earnest money into escrow, and denies all remaining allegations of paragraph 12.

13. Answering paragraph 13, Glacier Bear denies the allegations therein.

14. Answering paragraph 14, Glacier Bear admits that Counterclaim Plaintiffs have demanded the return of the money paid into escrow and that Glacier Bear has asserted that they are not entitled to the return of those funds.

15. Answering paragraph 15, Glacier Bear denies the allegations therein.

16. Answering paragraph 16, Glacier Bear restates its allegations to each of the preceding paragraphs as if fully set forth herein.

17. Answering paragraph 17, that paragraph contains Counterclaim Plaintiffs' conclusion of law to which no response is required.

18. Answering paragraph 18, Glacier Bear denies the allegations therein.

19. Answering paragraph 19, Glacier Bear denies the allegations therein.

20. Glacier Bear denies each and every other allegation of the Counterclaim not specifically admitted or denied above.

First Affirmative Defense

Counterclaim Plaintiffs' breach of the Buy-Sell Agreement was the cause of their alleged damages

Second Affirmative Defense

Counterclaim Plaintiffs failed to mitigate their damages

Third Affirmative Defense

Counterclaim Plaintiff's claims are barred by the doctrines of estoppel and waiver.

WHEREFORE, Plaintiffs and Counterclaim Defendants pray that the Court enter judgment in their favor, ordering that Counterclaim Plaintiffs take nothing by way of their Counterclaim, dismissing Counterclaim Plaintiffs' Counterclaim with

prejudice, awarding Plaintiffs and Counterclaim Defendants their attorney's fees and costs, and granting such other and further relief as the Court deems appropriate.

DATED this 28th day of February, 2022.

JENKS & SIMPSON, P.C.

By /s/Fred Simpson
Fred Simpson
*Attorneys for Plaintiffs and Counterclaim Defendants*

## CERTIFICATE OF SERVICE

I certify on this 28th day of February, 2022, a copy of the foregoing document was served upon the following persons by the following means as indicated below:

| | |
|---|---|
| **[X] CM/ECF**<br>[...] Mail<br>[ ] Hand Delivery<br>[ ] Overnight Delivery Service<br>[...] Fax<br>[ ] Email | Clerk, U.S. District Court |
| **[X] CM/ECF**<br>[...] Mail<br>[ ] Hand Delivery<br>[ ] Overnight Delivery Service<br>[...] Fax<br>[ ] Email | Shane P. Coleman, Esq.<br>Brianne C. McClafferty, Esq.<br>HOLLAND & HART LLP<br>401 North 31st Street, Suite 1500<br>P.O. Box 639<br>Billings, MT 59103-0639<br>Telephone: 406-252-2166<br>Facsimile: 406-252-1669<br>spcoleman@hollandhart.com<br>bcmcclafferty@hollandhart.com<br>*Attorneys for Defendants and Counterclaimants* |

DATED this 28th day of February, 2022.

JENKS & SIMPSON, P.C.

By /s/ Fred Simpson
Fred Simpson
*Attorneys for Plaintiffs and Counterclaim Defendants*