**EXHIBIT G**

Shane P. Coleman
BILLSTEIN, MONSON & SMALL PLLC
1555 Campus Drive, Suite 201
Billings, MT 59102
Telephone: 406.656.6551
shane@bmslawmt.com

ATTORNEYS FOR DEFENDANTS
MATT DUSEK AND RACHEL
DUSEK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| GLACIER BEAR RETREAT, LLC, GAIL L. GOODWIN and DARRYL C. SLATTENGREN,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MATT DUSEK and RACHEL DUSEK,<br><br>Defendants/Counterclaimants. | ) | Case No. 9:22-cv-00019-DLC-KLD<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST COMBINED SET OF DISCOVERY REQUEST** |

Matt Dusek and Rachel Dusek ("Duseks") hereby respond to Plaintiffs' First Discovery Requests to Duseks as follows.

## Preliminary Statements

1. Duseks have not yet completed either discovery or its internal gathering of facts relating to this action. Therefore, in responding to these discovery requests, Duseks reserve the right to revise, correct, add to, supplement, and clarify any of their answers and responses.

2. Duseks reserve their right to file a motion for a protective order at a later time if they determine it to be necessary.

3. The information supplied in these answers and responses is not based solely on the knowledge of the executing party, but also includes the knowledge of the party's agents, employees, representatives, and unless privileged, attorneys.

4. These answers and responses are drafted by counsel and the word usage and sentence structure are that of counsel and do not purport to be the exact language of the executing party.

5. By responding to Plaintiffs' discovery requests, Duseks do not waive the general and specific objections made herein. Each response is made subject to the preliminary statements and general objections.

6. These general objections apply to each and every one of the following responses and objections, and failure to repeat an objection in response to a specific interrogatory or request for production shall not be deemed a waiver of these general objections.

7. Duseks reserve all rights to object as to the competency, relevancy, materiality and/or admissibility of the information and documents disclosed pursuant to Plaintiffs' discovery requests. Duseks do not waive any objection concerning competency, relevancy, materiality, or admissibility by answering any interrogatory or producing any document pursuant to Plaintiffs' discovery requests.

## GENERAL OBJECTION

Duseks object to those discovery requests which call for answers that may include information or documents that are privileged or protected by the attorney-client privilege, the joint interest privilege, and/or the work product doctrine.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify by name and address each person answering these discovery requests or providing information for use in answering these discovery requests.

**ANSWER TO INTERROGATORY NO. 1:**

Matt and Rachel Dusek and their undersigned legal counsel.

**INTERROGATORY NO. 2:** Please identify each person you may call as an expert witness to testify at the trial of this case, and for each such person, provide a complete disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B).

addressed, and when he began contradicting his earlier and, in some cases, nearly contemporaneous guidance about the availability of our contingencies. We considered moving forward with the transaction despite our concerns. Ultimately, it did not make sense to accept this property at this price with these contingencies left unresolved. Further, Scott Darkenwald had repeatedly told us that there was a lot of media attention surrounding this property listing and that there were multiple other prospective buyers or interested parties if we were to walk away. So, we decided to not release the contingencies and to not close on the property, and we believed we were within our rights to do so, as those rights were explained to us.

**INTERROGATORY NO. 5:** Please identify the steps you took to investigate the water rights associated with the real property at issue in this case, when you took each of those steps, identify any persons with whom you consulted with respect to water rights associated with the property, and list all documents generated or received as a result of your investigation into water rights associated with the property.

**ANSWER TO INTERROGATORY NO. 5:**

We communicated by email and telephone with Scott Darkenwald and reviewed the documents he produced. Scott orally told us of the existence of a water rights issue, before our review of the Buy-Sell Agreement. Thereafter, we

had at least one verbal discussion with Scott before signing the Buy-Sell Agreement, where we discussed that any transaction would need to be contingent upon successful resolution of the water rights issue to our satisfaction, and he explained the steps that would need to be taken (and by whom) to resolve the water rights issue.

Thereafter, we reviewed various emails and attachments concerning the water rights issue, all from Scott. These include:

- October 2, 2021 email from Scott Darkenwald forwarding an email from Gail Goodwin to Austin Seback dated October 1, 2021
- October 12, 2021 email from Scott Darkenwald forwarding email from Gail Goodwin dated 10/12/2021 forwarding email from Kathy Olsen dated 10/12/2021 containing a Provisional Permit document from State of Montana Department of Natural Resources and Conservation.

**<u>INTERROGATORY NO. 6</u>:** Please identify the steps you took to investigate the mold remediation conducted at the real property at issue in this case, when you took each of those steps, identify any persons with whom you consulted with respect to mold remediation at the property, and list all documents generated or received as a result of your investigation into mold remediation at the property.

AS TO OBJECTIONS:

Dated this 14th day of April, 2022.

By: */s/ Shane P. Coleman*
Shane P. Coleman
HOLLAND & HART LLP

ATTORNEYS FOR DEFENDANTS
MATT DUSEK AND RACHEL DUSEK

**VERIFICATION**

I, Matt Dusek, verify under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Matt Dusek Date: 4/14/2022

I, Rachel Dusek, verify under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Rachel Dusek Date: 4/14/22