Shane P. Coleman
BILLSTEIN, MONSON & SMALL PLLC
1555 Campus Drive, Suite 201
Billings, MT 59102
Telephone: 406.656.6551
shane@bmslawmt.com

ATTORNEYS FOR DEFENDANTS MATT DUSEK AND RACHEL DUSEK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GLACIER BEAR RETREAT, LLC, GAIL L. GOODWIN and DARRYL C. SLATTENGREN,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MATT DUSEK and RACHEL DUSEK,<br><br>Defendants/Counterclaimants. | Case No. 9:22-cv-00019-DLC-KLD<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE** |

## INTRODUCTION

There is no scenario under which the jury benefits from hearing Scott Darkenwald's legal opinion as to the meaning of the Buy-Sell Agreement. Nor does the jury need to hear the legal opinions of Darkenwald's boss or his lawyer.

## DISCUSSION

### I. Darkenwald's legal opinions are irrelevant and unduly confusing.

To be clear, this Motion does not seek to preclude Darkenwald from

testifying about relevant facts that occurred in connection with this proposed transaction or about statements made by the Duseks. Rather, it seeks only to exclude his testimony to the extent that he offers his own legal opinion on the meaning of the contract. It further seeks to exclude conversations that Darkenwald claims to have had with his boss and his lawyer about his legal opinion. It is the Court's role to interpret the Buy-Sell Agreement. The legal interpretations of Darkenwald, his boss (Burk), and his lawyer (Bowditch) do not tend to make any facts more or less likely in this matter and are, therefore, irrelevant.

## II. Darkenwald's conversations with his boss and his lawyer are inadmissible hearsay and are not made within the scope of his agency with the Duseks

To avoid the hearsay rule as an "opposing party's statement" under Fed. R. Evid. 801(d)(2)(D), Darkenwald's conversations with his boss and his lawyer must be made "within the scope of that relationship." When Darkenwald and his boss sought legal advice from Sotheby's legal counsel, they undeniably acted in Sotheby's own interest and not on behalf of the Duseks. The Duseks have never met Mr. Burk or Mr. Bowditch. The Duseks certainly did not ask Darkenwald to obtain their legal opinions.

Darkenwald's and Sotheby's conduct has been entirely consistent with the fact that these discussions with legal counsel were not intended to benefit the Duseks. To the contrary, Darkenwald advised the Duseks that they should have

their own legal counsel review the matter. Moreover, Darkenwald emphasized this fact when subpoenaed for this matter. He invoked the attorney-client privilege and refused to produce his communications with Mr. Bowditch. He also invoked the privilege and refused to discuss such communications during his deposition. Under no circumstances could Darkenwald be said to have been acting as the Duseks' agent when he discussed his legal opinion with his legal counsel and his boss. These conversations do not fit within the hearsay exception of Fed. R. Evid. 801(d)(2)(D).

## III. Darkenwald's legal opinions are not proper parol evidence.

Nothing about Scott Darkenwald's contractual interpretation would be proper parol evidence. As a threshold matter, no parol evidence is permitted unless the parties' contract is ambiguous. Mont. Code Ann. §§ 28-2-904, -905. Plaintiffs have not identified any ambiguities in the Buy-Sell Agreement, much less explained how Darkenwald's legal conclusions could aid in understanding those unidentified ambiguities.

More importantly, even if the Buy-Sell Agreement was ambiguous and even if that ambiguity required the jury's resolution of factual issues, Darkenwald's conclusory legal opinions are still not helpful in that regard. Even if the Buy-Sell Agreement contained an "extrinsic ambiguity," section 28-2-905(2) would permit only the parol evidence that is necessary to explain "the circumstances under

which the agreement was made or to which it relates." Mont. Code Ann. § 28-2-905. It would allow Mr. Darkenwald to testify about the factual circumstances surrounding the formation of the Buy-Sell Agreement and the actions that he observed the parties take thereafter. It would not, however, allow Darkenwald to testify to his ultimate legal conclusion (and ostensibly that of his boss and his lawyer) as to which party, if any, he thinks breached agreement. His opinion simply is not relevant, even if permitted under the parol evidence rule.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order in limine precluding Scott Darkenwald from offering his opinion of the interpretation of the Buy-Sell Agreement and any supposed agreement to that interpretation by his boss or his legal counsel.

Dated this 13th day of January, 2023.

By: */s/ Shane P. Coleman*
Shane P. Coleman
BILLSTEIN, MONSON & SMALL PLLC

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF COMPLIANCE**

The undersigned, Shane P. Coleman, certifies that this Brief complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman font typeface consisting of 14 characters per inch. The total word count is 668, excluding caption and certificates of service and compliance, table of contents and authorities, and exhibit index. The undersigned relies on the word count of the word processing system used to prepare this document.

By: */s/ Shane P. Coleman*
Shane P. Coleman
BILLSTEIN, MONSON & SMALL, PLLC

ATTORNEYS FOR DEFENDANTS