IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| GLACIER BEAR RETREAT, LLC, GAIL L. GOODWIN, and DARRYL C. SLATTENGREN, | CV 22-19-M-KLD |
| Plaintiffs/ Counterclaim Defendants, | ORDER |
| vs. | |
| MATT DUSEK AND RACHEL DUSEK, | |
| Defendants/ Counterclaimants. | |

Plaintiffs Glacier Bear Retreat, LLC, Gail L. Goodwin, and Darryl C.

Slattengren (collectively "Glacier Bear") filed this action against Defendants Matt

and Rachel Dusek in December 2021, seeking specific performance for breach of a

buy-sell agreement for the sale of real property in Glacier National Park. (Doc. 1-

1). On January 17, 2023, the Court granted summary judgment in favor of Glacier

Bear and held that under the express terms of the buy-sell agreement, Glacier Bear

is entitled to specific performance and reasonable attorney's fees. (Doc. 47). The

Clerk of Court entered judgment in favor of Glacier Bear the same day. (Doc. 48).

On February 13, 2023, the Duseks filed a Notice of Appeal, which is now docketed

with the Ninth Circuit Court of Appeals. (Doc. 53; Doc. 58).

The parties have filed three post-judgment motions: (1) Glacier Bear's Motion for Attorney Fees (Doc. 50); (2) Glacier Bear's Motion for Order Altering or Amending Judgment under Federal Rule of Civil Procedure 59(e) to include an award of pre- and post-judgment interest (Doc. 55); and (3) the Duseks' Motion for Temporary Extension of Stay of Judgment Execution pursuant to Federal Rule of Civil Procedure 62(a). (Doc. 59).

This Order addresses the Duseks' motion to temporarily extend the automatic stay of execution under Rule 62(a). (Doc. 60). The Court will address Glacier Bear's motions for attorney fees and to amend the judgment in a separate Order, after the motion to amend the judgment is fully briefed.

## I.      Legal Standard

Rule 62(a) provides that "execution of a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the Court orders otherwise." Rule 62(a) thus contemplates that a district court may issue an order modifying or extending the stay. As stated in the 2018 Advisory Committee Notes, "Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay," and "[r]ather than dissolve the stay, the court may choose to supersede it by ordering a stay that lasts longer or requires security." *Rebarber-Ocasio v. Feliciano-Munoz*, 2022 WL 17813005, at * (D.P.R. Nov. 2, 2022) (addressing the 2018 amendments to Rule 62 and quoting the 2018

Advisory Committee Notes).

In addition, under Rule 62(b), "a party may obtain a [further] stay [pending appeal] by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." See *United States v. Birdsong*, 2019 WL 1026277, at *1 (D. Mont. Mar. 4, 2019) (Under Rule 62(b), "a party is entitled to a stay of the judgment as a matter of right upon posting a bond or security.").

Factors that courts may consider in deciding whether to grant a stay without bond under Rule 62 include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## II.     Discussion

Under Rule 62(a), the judgment entered in this case on January 17, 2023, was automatically stayed for a period of 30 days, until February 16, 2023. On the day the automatic stay expired, the Duseks filed the pending motion to temporarily extend the automatic stay to give them additional time to finalize the security necessary for a permanent stay under Rule 62(b) pending their appeal to the Ninth Circuit.

The Duseks explain that they have diligently sought to obtain the security necessary for a Rule 62(b) stay, and have concluded after consulting with their investment advisor that a standby letter of credit will be the quickest and most efficient option for doing so. (Doc. 60-2 at 3 ¶ 6). The Duseks' financial advisor is presently processing their letter of credit application, but requires two more items before it can approve the application – the amount of the letter of credit, and  "draw triggering" language specifying the conditions upon which the beneficiary may draw upon the letter of credit. (Doc. 60-2 at 4 ¶¶14-16).

The Duseks have provided draft draw-triggering language to Glacier Bear, and are awaiting comments and proposed revisions. (Doc. 60-2 at ¶ 16). In light of Glacier Bear's recent motion to amend the judgment to include an award of pre- and post-judgment interest, however, the amount of the judgment, and thus the amount of security required for a stay under Rule 62(b), is not settled. If the Court grants Glacier Bear's motion to amend the judgment, the Duseks calculate that the amendment would add nearly $600,000 in monetary damages to the existing specific performance judgment. (Doc. 60 at 9). The Duseks anticipate having whatever amount of security is necessary for a Rule 62(b) stay in place within 30 days of the Court's ruling on Glacier Bear's motion to amend the judgment. (Doc. 60 at 2, 10). The Duseks thus ask the Court to temporarily extend the automatic stay under Rule 62(a) until 30 days after the Court rules on Glacier Bear's motion

to amend the judgment.

Glacier Bear opposes the Duseks' motion (Doc. 59 at 2), and its response brief is due on March 2, 2023. Notwithstanding Glacier Bear's opposition, the Court finds that a temporary extension of the automatic stay is warranted under the circumstances, and issues this Order without waiting for a response.

The Duseks have submitted evidence that they are likely to the obtain the security necessary for a Rule 62(b) stay within 30 days of a ruling on Glacier Bear's motion to amend the judgment. (Doc. 60-2). The Duseks have also submitted evidence that Glacier Bear intends to immediately execute on the judgment. (Doc 60-1 at 5-6). If the Duseks do not specifically perform the buy-sell agreement, Glacier Bear has directed its counsel "to seek all available relief, including pursuing a contempt order … and pursuing collection of the amount due through domesticating the judgment in California, and obtaining a writ of execution or the amount due from Duseks." (Doc. 60-1 at 5). If the specific performance Glacier Bear seeks is actually performed, the Duseks' pending appeal from the specific performance judgment may become moot, thereby resulting in irreparable harm. Finally, the Court fails to see how Glacier Bay will be prejudiced if the automatic stay is temporarily extended to give the Duseks the opportunity to obtain the proper amount of security pending appeal.

//

## III.    Conclusion

Accordingly, and for the reasons set forth above,

IT IS ORDERED that the Duseks' Motion for Temporary Extension of Stay of Judgment Execution (Doc. 59) is GRANTED. The automatic stay established by Rule 62(a) is extended to 30 days after the Court rules on Glacier Bear's Rule 59(e) motion to alter or amend the judgment.

DATED this 17th day of February, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge