**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLACIER BEAR RETREAT, LLC; GAIL L. GOODWIN; DARRYL C. SLATTENGREN,<br><br>*Plaintiffs-counter-defendants-Appellees*,<br>v.<br><br>MATT DUSEK; RACHEL DUSEK,<br><br>*Defendants-counter-claimants-Appellants*. | No. 23-35117<br><br>D.C. No. 9:22-cv-00019-KLD<br><br>ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF MONTANA |
| GLACIER BEAR RETREAT, LLC; GAIL L. GOODWIN; DARRYL C. SLATTENGREN,<br><br>*Plaintiffs-counter-defendants-Appellants*,<br>v.<br><br>MATT DUSEK; RACHEL DUSEK,<br><br>*Defendants-counter-claimants-Appellees*. | No. 23-35268<br><br>D.C. No. 9:22-cv-00019-KLD |

Case: 23-35268, 07/11/2024, ID: 12896364, DktEntry: 36, Page 2 of 9



Filed July 11, 2024

Before: Richard A. Paez, Jacqueline H. Nguyen, and Patrick J. Bumatay, Circuit Judges.

**SUMMARY***

**Certification Order / Montana Law**

The panel certified the following question to the Montana Supreme Court:

> Whether the compensation awarded as incident to a decree for specific performance of a contract constitutes legal damages for the purpose of awarding prejudgment interest under Montana Code Annotated section 27-1-211.

**ORDER**

Pursuant to Rule 15(3) of the Montana Rules of Appellate Procedure, we respectfully certify the question set forth below to the Montana Supreme Court. The answer to the question will be "determinative of an issue in pending litigation" before this court, and there is "no controlling

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

appellate decision." For the reasons below, we certify the following question:

> Whether the compensation awarded as incident to a decree for specific performance of a contract constitutes legal damages for the purpose of awarding prejudgment interest under Montana Code Annotated section 27-1-211.

We recognize that our phrasing of this question does not restrict the court's consideration of the issues involved and that the court may rephrase the question as it sees fit. We agree to accept the court's answer.

I.

We briefly summarize the relevant facts. In this diversity action, Glacier Bear Retreat, LLC, Gail Goodwin, and Darryl Slattengren (collectively, "Sellers") appeal from the district court's denial of their motion to amend the court's judgment to include prejudgment interest pursuant to Montana Code Annotated section 27-1-211.

This case stems from a multi-million-dollar buy-sell agreement ("BSA") between Matt and Rachel Dusek (collectively, "Buyers") and Sellers.[1] Buyers sought to terminate the BSA on the basis of several express contingency clauses. After the closing date passed, Sellers sued for breach of contract. Buyers counterclaimed, asserting that Sellers failed to satisfy the contingencies in the BSA and that they were thus entitled to terminate the agreement. The parties eventually filed cross-motions for

[1] The subject of the BSA was a property located inside Glacier National Park in Montana.

Case: 23-35268, 07/11/2024, ID: 12896364, DktEntry: 36, Page 4 of 9



summary judgment on their respective breach-of-contract claims, with each arguing that the BSA unambiguously warranted judgment in their favor. The district court granted summary judgment in favor of Sellers and awarded them specific performance.[2]

Following the district court's decree of specific performance, Sellers sought to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) to include awards of prejudgment interest and postjudgment interest from the BSA's original closing date until the judgment was paid. The district court granted the motion with respect to postjudgment interest but not prejudgment interest. As relevant here, the district court rested its denial of prejudgment interest in part on statutory grounds, reasoning that "[t]he compensation awarded as incident to a decree for specific performance is not for breach of contract and is therefore not legal damages." *Glacier Bear Retreat, LLC v. Dusek*, No. CV 22-19-M-KLD, 2023 WL 2772723, at *2 (D. Mont. Apr. 4, 2023) (quoting *Hughes v. Melby*, 139 Mont. 308, 313 (1961)). Thus, because Montana's prejudgment interest statutes—including Montana Code Annotated section 27-1-211—"expressly govern[] awards of legal damages," Sellers were categorically ineligible. *Id.* at *2.[3] Sellers timely appealed.

[2] In a concurrently filed memorandum disposition, we affirm the district court's judgment on the main appeal.

[3] The court also considered and rejected the applicability of other statutes for the same reason. *See Glacier Bear Retreat, LLC*, 2023 WL 2772723, at *2 n.2.

## II.

The question under Montana law is whether the compensation awarded as incident to a decree for specific performance of a contract constitutes legal damages for the purpose of assessing Sellers' claim to prejudgment interest under Montana Code Annotated section 27-1-211. The answer to this question will be "determinative." Mont. R. App. P. 15(3)(a). If such compensation does not constitute legal damages, Sellers are not entitled to prejudgment interest, and the district court's judgment must be affirmed. If, however, such compensation does constitute legal damages, the district court's judgment must be reversed. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

We do not believe this question is squarely answered by a "controlling appellate decision." Mont. R. App. P. 15(3)(b). The district court based its statutory analysis upon *Hughes*, which held that "[t]he compensation awarded as incident to a decree for specific performance is not for breach of contract and is therefore not legal damages." 139 Mont. at 312–13. In *Hughes*, the Montana Supreme Court acknowledged that it had long recognized this "general rule." *Id.* at 313 (citing *Wright v. Brooks*, 47 Mont. 99, 112 (1913)). The court then overruled a prior decision—*Finlen v. Heinze*, 32 Mont. 354 (1905)—to the extent of its "hold[ing] on interest," effectively adopting the *Finlen* dissent's view that "the section of the statute cited in the majority opinion [granting prejudgment interest] [does not have] any application" where a contract is to "be specifically enforced." *Hughes*, 139 Mont. at 314–15 (citing *Finlen*, 32 Mont. at 394 (Brantly, C.J., dissenting)).

*Hughes* would appear to control this case, if not for a recent decision from the Montana Supreme Court that calls into question its continued vitality. In *Bender v. Rosman*, the Montana Supreme Court affirmed the district court's grant of prejudgment interest, despite having concluded that "specific performance was an appropriate remedy."[4] 413 Mont. 89, 99 (2023).

"In determining Montana law, we are bound by the decisions of the Montana Supreme Court." *Smith v. Charter Commc'ns, Inc.*, 22 F.4th 1134, 1137 (9th Cir. 2022). This includes *Bender*, which appears to hold that a party seeking specific performance can properly be granted prejudgment interest under Section 27-1-211—at least where the sum at issue, as here, is sufficiently definite. We are uncertain, however, whether *Bender* intended to overrule *Hughes*, which would command the opposite result. As an initial matter, *Bender* did not address *Hughes* or any of the relevant precedent in its one-paragraph discussion of the issue. *See Fleming v. Lockwood*, 36 Mont. 384, 387 (1907) (concluding that where "no mention is made of either of . . . two earlier [and relevant] cases," "we must assume that the court did not

---

[4] The *Bender* court's reasoning appears to confirm that the prejudgment interest was awarded pursuant to Montana Code Annotated section 27-1-211. The court cited *Stafford v. Fockaert*, 382 Mont. 178, 185 (2016)—which in turn relied on Montana Code Annotated section 27-1-211—to reject the argument that prejudgment interest was not warranted because the judgment sum was "uncertain." *Bender*, 413 Mont. at 99. This fact was presumably relevant in *Bender* because the certainty of the final judgment amount is one of the three criteria that determine whether prejudgment interest is warranted under Montana Code Annotated section 27-1-211. *See Byrne v. Terry*, 228 Mont. 387, 390 (1987). Applying that principle to an "action . . . for specific performance," the *Bender* court affirmed the trial court's calculation of prejudgment interest. 413 Mont. at 99.

intend to overrule either, or both, of its former decisions, but, on the contrary, differentiated the cases").

Moreover, although the *Bender* court relied upon a decision that awarded prejudgment interest under section 27-1-211, it also considered the equities of the case. *See* 413 Mont. at 98–99. The Montana Supreme Court has held that the equities of a case can provide an alternative basis for awarding prejudgment interest when it is necessary to "adjust the parties' obligations to put them in nearly as good a position as if the contract had been performed when required and as required." *Hass v. Hass Land Co.*, 217 Mont. 246, 253 (1985); *see also Hughes*, 139 Mont. at 313 (concluding the same and observing that "the result is more like an accounting between the parties than like an assessment of damages"). This ambiguity further increases our doubt that *Hughes* was overruled by implication. We therefore cannot say with certainty that the question posed here has been squarely answered by a "controlling appellate decision." *Cf. Atl. Cas. Ins. Co. v. Greytak*, 755 F.3d 1126, 1129 (9th Cir.), *certified question accepted sub nom. Atl. Cas. v. Greytak*, 376 Mont. 546 (2014).

To be sure, certification is only undertaken "after careful consideration." *High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021) (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003)). "In deciding whether to exercise our discretion, we consider: (1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Id*. (quoting *Kremen*, 325 F.3d at 1037–38).

We believe the issue presented here "implicate[s] important state policy concerns" that "are of broad application." *Id.* Whether parties may seek prejudgment interest in a category of cases that has previously been considered ineligible as a matter of statutory law is likely to have significant policy implications for the State. *Cf. Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 666 (9th Cir.), *certified question accepted sub nom. Childress v. Costco*, 402 Mont. 426 (2020). Further, if we were to hold that prejudgment interest applies to cases of specific performance under Section 27-1-211 on the basis of *Bender*'s brief discussion of the issue, we might unexpectedly broaden that decision's holding, thereby depriving the Montana Supreme Court of the opportunity to develop the issue in the first instance. Consequently, in "the spirit of comity and federalism," *id.* at 666, we respectfully certify the question of whether compensation awarded as incident to a decree for specific performance of a contract may qualify for prejudgment interest under Montana Code Annotated section 27-1-211.

## III.

The names and addresses of counsel are:

*For Plaintiffs-Cross-Appellants Glacier Bear Retreat, LLC, Gail Goodwin, and Darryl Slattengren*: Fred Simpson, Hall & Evans, LLC, Millennium Building, Suite 403, Missoula, MT 59802; Sarah Schirack, Perkins Coie LLP, 1029 West 3rd Avenue, Suite 300, Anchorage, AK 99501-1981; Sopen B. Shah, Perkins Coie LLP, 33 East Main Street, Suite 201, Madison, WI 53703.

*For Defendants-Appellees Matt and Rachel Dusek*: Shane Patrick Coleman, Billstein, Monson, & Small,

PLLC, 1555 Campus Way, Suite 201, Billings, MT 59102; Michael Phillip Manning, Ritchie Manning Kautz PLLP, 175 N. 27th Street, Suite 1206, Billings, MT 59101.

IV.

The clerk of this court shall forward a copy of this order, under official seal, to the Montana Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The clerk shall also forward a copy of the memorandum disposition concurrently filed.

Further proceedings in this court on the certified question are stayed pending the Montana Supreme Court's decision on whether it will accept review, and if so, receipt of the answer to the certified question. Appeal No. 23-35268 is withdrawn from submission until further order from this court. The clerk is directed to administratively close the docket, pending further order.

The parties shall notify the clerk of this court within 14 days of any decision by the Montana Supreme Court to accept or decline certification. If the Montana Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that court's opinion.

IT IS SO ORDERED.